## <u>ENTRY ORDER</u>

2020 VT 40

SUPREME COURT DOCKET NO. 2020-135

MAY TERM, 2020

| | |
|---|---|
| In re Carrie J. Legus, Esq. } | Original Jurisdiction |
| (Office of Disciplinary Counsel, Appellant) } | |
| } | Professional Responsibility Board |
| } | |
| } | PRB DOCKET NO. 2020-102 |

In the above-entitled cause, the Clerk will enter:

¶ 1.     Respondent, Carrie J. Legus, is a lawyer licensed to practice law in the State of Vermont.  On May 8, 2020, Disciplinary Counsel filed a petition seeking the immediate interim suspension of respondent's license for reasons set forth below.  Respondent was given the opportunity to respond to the petition in writing and to appear at a hearing held by the Supreme Court on May 21, 2020.  Respondent did not file a written response or appear at the hearing. Having reviewed the materials submitted by Disciplinary Counsel, we conclude that the requirements of Administrative Order 9, Rule 18(A) are satisfied and we immediately suspend respondent's license to practice law pending final disposition of a disciplinary or disability proceeding in accordance with Administrative Order 9, Rule 18(B).  Respondent is directed to comply with the notice requirements of Administrative Order 9, Rule 23.

¶ 2.     As set forth in the petition for immediate interim suspension, respondent was charged with reckless endangerment after allegedly pointing a loaded firearm at a store clerk. Respondent is representing herself in the criminal case and she has pleaded not guilty.  Disciplinary Counsel notified respondent by email and U.S. mail that a disciplinary matter had been referred to her and opened based on the criminal charge.  Several days later, Disciplinary Counsel left a voicemail for respondent.  She identified herself and asked respondent to contact her as soon as possible.  Disciplinary Counsel followed up with an email, flagged as highly important, reiterating this information.  Several days later, Disciplinary Counsel again left a voicemail message for respondent and followed up with an email.  She informed respondent that licensed attorneys were required to respond to inquiries from Disciplinary Counsel and that the failure to do so could result in the imposition of sanctions.  Two days later, a call from respondent's number appeared on Disciplinary Counsel's phone.  When Disciplinary Counsel picked up the call, the person either hung up or the call was dropped.  Disciplinary Counsel immediately called back but no one picked up.  She left a third voicemail message for respondent, again requesting that respondent contact her as soon as possible.  As of May 21, 2020, the date of the hearing on the petition, respondent had not contacted Disciplinary Counsel.

¶ 3.     Disciplinary Counsel argues that an immediate interim suspension is warranted because respondent has "committed a violation of the rules of professional responsibility as adopted by the Court" and she "presently poses a substantial threat of serious harm to the public." A.O. 9, Rule 18(A).  We agree.

¶ 4.    Vermont Rule of Professional Conduct 8.1(b) prohibits a lawyer, "in connection with a disciplinary matter," from "knowingly fail[ing] to respond to a lawful demand for information from . . . disciplinary authority."  While this rule "is subject to the provisions of the [F]ifth [A]mendment of the United States Constitution and corresponding provisions of state constitutions," "[a] person relying on such a provision in response to a question . . . should do so openly and not use the right of nondisclosure as a justification for failure to comply with this rule."  Rule 8.1 cmt. 2.  Administrative Order 9, Rule 7(D), also provides that "[d]iscipline may be imposed for . . . [f]ailure to furnish information to or respond to a request from disciplinary counsel . . . without reasonable grounds for refusing to do so."  The evidence here supports Disciplinary Counsel's assertion that respondent knowingly failed to respond to a lawful demand for information.

¶ 5.    The record also supports Disciplinary Counsel's assertion that respondent's behavior presents a substantial threat of harm to the public.  Due to respondent's failure to communicate, Disciplinary Counsel cannot ascertain the nature of respondent's practice or determine if respondent has any active clients; she cannot determine if a disability investigation should be opened; and she cannot assess how to protect the public.  Respondent's behavior has significantly impaired Disciplinary Counsel's ability to fulfill her obligation to protect the public and it warrants the immediate interim suspension of respondent's license to practice law.  We note that another court has reached the same conclusion under similar circumstances.  See In re Liviz, No. SJC-12732, 2020 WL 2375219, **1-2 (Mass. May 12, 2020) (affirming suspension of respondent from practice of law for failure to respond to requests for information by bar counsel during disciplinary investigation and explaining that respondent was suspended, not for conduct under investigation, but rather for failing to cooperate, which itself constituted misconduct subject to discipline under rules).

Respondent's license to practice law is immediately suspended pending final disposition of a disciplinary or disability proceeding in accordance with A.O. 9, Rule 18(B).  Respondent is directed to comply with the notice requirements of A.O. 9, Rule 23.

BY THE COURT:

⊠ Publish

☐ Do Not Publish

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

2