**ENTRY ORDER**

2020 VT 49

SUPREME COURT DOCKET NO. 2020-135

JUNE TERM, 2020

| | |
|---|---|
| In re Carrie J. Legus, Esq. } | Original Jurisdiction |
| (Office of Disciplinary Counsel, Appellant) } | |
| } | Professional Responsibility Board |
| } | |
| } | PRB DOCKET NO. 2020-102 |

In the above-entitled cause, the Clerk will enter:

¶ 1.    We issue this decision in response to a request by respondent, Carrie J. Legus, to dissolve this Court's interim suspension of her license to practice law in an order published on May 22, 2020.

¶ 2.    Respondent was charged with reckless endangerment after allegedly pointing a loaded firearm at a store clerk.  She represents herself in that criminal matter and has pleaded not guilty.  Disciplinary Counsel notified respondent by email and U.S. mail that a disciplinary matter had been referred to her and opened based on the criminal charge.  Disciplinary Counsel then made repeated efforts to contact respondent by telephone and email, including leaving voicemail messages.  Through these contacts, Disciplinary Counsel attempted to communicate to respondent that licensed attorneys are required to respond to inquiries from Disciplinary Counsel and that the failure to do so can lead to sanctions.  As of the May 21, 2020 hearing on Disciplinary Counsel's petition for immediate interim suspension, respondent had not contacted Disciplinary Counsel.

¶ 3.    We granted the petition pursuant to Administrative Order 9, Rule 18(A), on the ground that respondent "committed a violation of the rules of professional responsibility as adopted by the Court" and she "presently poses a substantial threat of serious harm to the public." In re Legus, 2020 VT 40, ¶ 3, __ Vt. __, __ A.3d __.  We concluded that respondent knowingly failed to respond to a lawful demand for information and that she thereby violated Vermont Rule of Professional Conduct 8.1(b) (prohibiting a lawyer, "in connection with a disciplinary matter," from "knowingly fail[ing] to respond to a lawful demand for information" from Disciplinary Counsel).  In re Legus, 2020 VT 40, ¶ 4.  We noted that Administrative Order 9, Rule 7(D) also provides that discipline may be imposed for failure to furnish information or respond to a request from Disciplinary Counsel without reasonable grounds.  In re Legus, 2020 VT 40, ¶ 4.  Because Disciplinary Counsel was not able to ascertain the nature of respondent's practice and whether she has any active clients, Disciplinary Counsel was not able to determine if a disability investigation should be opened or otherwise how to protect the public.  For that reason, we concluded that respondent's behavior presents a substantial threat of harm to the public.  Id. ¶ 5.

¶ 4.    On May 26, 2020, respondent filed a "Confidential Motion to Vacate Order and Seal Records."  Disciplinary Counsel responded to this motion.  On June 5, 2020, respondent filed a "Confidential Motion to Dissolve and Dismiss" the interim order.  She filed an additional pleading immediately before the June 15, 2020 hearing on her motion to dissolve.  In these filings,

respondent contends that she did not receive notice of Disciplinary Counsel's petition for interim suspension sufficient to comply with the applicable rules and due process. She points to the fact that Disciplinary Counsel made calls to her from an out-of-state telephone number, explains that she has had problems with email because she has been the target of hackers, and contends that she had no notice of this proceeding until she received this Court's interim suspension order. Respondent emphasizes that she is entitled to invoke her Fifth Amendment rights in declining to answer Disciplinary Counsel's inquiries. In addition, she argues that the Court's prior order contained insufficient findings. She also contends that this Court should dissolve the interim suspension because it did not schedule a hearing within two days of her motion. She further argues that she is entitled to a transcript of the prior hearing pursuant to Administrative Order 9, Rule 16(F). Finally, she asks that we treat the prior order and these proceedings as confidential.

¶ 5. On review, we need not address respondent's challenges to the notice she received of the prior hearing or her challenges to the findings of the prior order. Regardless of the adequacy of respondent's notice of that initial hearing, she did have notice of the proceeding on her motion to dissolve the order. She attended that hearing and had an opportunity to respond to Disciplinary Counsel's allegations. Because we consider the question whether to maintain the suspension of respondent's license anew in this proceeding, without any presumption in favor of our initial order, respondent suffers no ongoing prejudice as a result of any defects in notice leading up to our initial hearing.[*]

¶ 6. Moreover, we reject respondent's argument that we must dissolve the interim order because we did not conduct a hearing within two days of her motion. Respondent relies on Administrative Order 9, Rule 18(D), which provides:

> On two days notice to disciplinary counsel, a lawyer suspended pursuant to paragraph B may appear and move for dissolution or modification of the order of suspension, and in the event the motion shall be heard and determined by the Court as expeditiously as the ends of justice require.

¶ 7. The rule does not require that the Court schedule a hearing within two days of respondent's motion; rather, it calls upon the Court to hear and determine the motion "as expeditiously as the ends of justice require." Id. The two-day notice provision requires a lawyer who has been suspended pursuant to the interim suspension provision to give Disciplinary Counsel two days' notice before moving to dissolve or modify the order.

¶ 8. We conclude based on the evidence before the Court at this time that respondent's licensure poses a substantial threat of serious harm to the public warranting interim suspension of respondent's license pursuant to Administrative Order 9, Rule 18(B). We base this conclusion on our understanding that even now, when respondent is unquestionably on notice of the petition for

---

[*] We note, though, that under the rules, the applicable notice provision is set forth in Administrative Order 9, Rule 18(A)(ii) (relating to petitions for interim suspension) rather than Rule 11(D) (relating to formal disciplinary proceedings). Rule 18(A)(ii) requires Disciplinary Counsel to make "a reasonable attempt to provide the lawyer with notice, which may include notice by telephone or any other electronic means, that a proposed order for immediate interim suspension has been transmitted to the Court." A.O. 9, Rule 18(A)(ii). Rule 18(D) provides an expeditious means for a lawyer subject to interim suspension to move to dissolve the order. Pursuant to that rule, respondent was able to timely seek review of the Court's initial order temporarily suspending her license.

2

interim suspension, and of Disciplinary Counsel's request to interview her, respondent has declined to participate in this process. Unless and until respondent responds to Disciplinary Counsel's requests for information about her current law practice, active cases, trust accounts, whether a disability status may be warranted, and other matters about which Disciplinary Counsel seeks to inquire, we conclude that respondent poses a threat to the public. Respondent's behavior has significantly impaired Disciplinary Counsel's ability to fulfill her obligation to protect the public and warrants immediate interim suspension of respondent's license to practice law. See In re Liviz, 144 N.E.3d 284, 285-86 (Mass. 2020) (affirming suspension of respondent from practice of law for failure to respond to requests for information by bar counsel during disciplinary investigation and explaining that respondent was suspended, not for conduct under investigation, but rather for failing to cooperate, which itself constituted misconduct subject to discipline under rules).

¶ 9.     We emphasize that, in responding to Disciplinary Counsel, respondent is not required to waive her Fifth Amendment rights in connection with the criminal charge she faces. See Spevack v. Klein, 385 U.S. 511, 514 (1967) (holding that "the Self-Incrimination Clause of the Fifth Amendment . . . extends its protection to lawyers as well as to other individuals, and that it should not be watered down by imposing the dishonor of disbarment and the deprivation of a livelihood as a price for asserting it"); see also V.R.Pr.C. 8.1 cmt. 2 (recognizing that rule prohibiting lawyer, "in connection with a disciplinary matter," from "knowingly fail[ing] to respond to a lawful demand for information from . . . disciplinary authority" "is subject to the provisions of the [F]ifth [A]mendment of the United States Constitution and corresponding provisions of state constitutions"). At the same time, our rules also recognize that "[t]he processing of a disciplinary matter shall not be delayed because of substantial similarity to the material allegations of pending criminal . . . litigation" unless a stay is authorized by the Board or a hearing panel "for good cause shown." A.O. 9, Rule 16(G); see also State ex rel. Oklahoma Bar Ass'n v. Gasaway, 1993 OK 133, 863 P.2d 1189, 1196 (denying request to stay attorney disciplinary proceedings pending completion of criminal proceedings arising from same matters and recognizing, as have numerous other courts, that "simultaneous civil and criminal proceedings do not necessarily run afoul of the Fifth and Fourteenth Amendments," and citing cases).

¶ 10.     Respondent is not required to answer questions that implicate her right against self-incrimination and may invoke that right if Disciplinary Counsel asks a question that would require such a waiver. But at least some of the matters Disciplinary Counsel has indicated she seeks to investigate may not implicate respondent's Fifth Amendment privilege. See, e.g., Gasaway, 863 P.2d at 1201 ("[C]ourts have determined that no Fifth Amendment self-incrimination privilege could be invoked by a lawyer with respect to the records of [client-trust] accounts.").

¶ 11.     Rule 18(D) of Administrative Order 9 provides for modification or dissolution of the interim suspension upon motion. If respondent chooses to participate in an interview with Disciplinary Counsel, this Court will entertain a motion by respondent or Disciplinary Counsel to dissolve or modify the interim suspension.

¶ 12.     With respect to respondent's request for a transcript, we note that because we are addressing the question of interim suspension anew, without reliance on our prior decision, our decision does not rest in any way on the prior hearing. Moreover, the provisions of Administrative Order 9, Rule 16(F), do not apply to this circumstance. That rule requires Disciplinary Counsel to make available to a respondent, at the respondent's expense, the record of a hearing of a disciplinary proceeding. It does not relate to the transcript of an argument to the Supreme Court on a petition for interim suspension. In any event, respondent can access the audio recording of the prior hearing before the Supreme Court on the Judiciary's website. See Vermont Judiciary,

Audio Recordings of Oral Arguments, https://www.vermontjudiciary.org/supreme-court/audio-recordings-oral-arguments.

¶ 13. Finally, we confirm that the materials transmitted to the Court by Disciplinary Counsel and this Court's proceedings pursuant to Administrative Order 9, Rule 18 are presumptively open to the public. See A.O. 9, Rule 18(A)(iii), and Reporter's Note—October 2011 Amendment. Respondent has not made the necessary showing to support an order to seal the case record. See V.R.P.A.C.R. 9(a). If respondent establishes grounds to dissolve this order, the Court will entertain such a motion.

Respondent's motion to dissolve the interim suspension of her license to practice law is denied.

BY THE COURT:

☒ Publish

☐ Do Not Publish

Paul L. Reiber, Chief Justice

Beth Robinson, Associate Justice

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice