# ENTRY ORDER

2021 VT 32

VERMONT SUPREME COURT
FILED IN CLERK'S OFFICE

MAY 0 3 2021

SUPREME COURT DOCKET NO. 2021-080

APRIL TERM, 2021

| | |
|---|---|
| In re William Tracy Carris, Esq. (Office of Disciplinary Counsel) | } Original Jurisdiction<br>}<br>} Professional Responsibility Board<br>}<br>} PRB NO. 2021-098, 116 |

In the above-entitled cause, the Clerk will enter:

¶ 1. Respondent, William Tracy Carris, is a lawyer licensed to practice law in the State of Vermont. On April 20, 2021, Disciplinary Counsel filed a petition seeking the immediate interim suspension of respondent's license for reasons summarized below. Respondent appeared at a hearing held on the petition and responded to the petition orally. Having reviewed the evidence, we conclude that the requirements of Administrative Order 9, Rule 22, are satisfied and we immediately suspend respondent's license to practice law pending final disposition of a disciplinary or disability proceeding. Respondent shall comply with the notice requirements set forth in Administrative Order 9, Rule 27.

¶ 2. An interim suspension order is appropriate where an attorney has "either committed a violation of the rules of professional responsibility . . . or is under a disability" and the attorney "presently poses a substantial threat of serious harm to the public." A.O. 9, Rule 22(A)-(B). As suggested, the purpose of an interim suspension is to quickly protect the public from harm. It is not the equivalent of a suspension imposed as a sanction following a determination of misconduct under A.O. 9, Rule 15(A)(2). It is an interim order put in place until a final disposition is made pursuant to either disciplinary or disability proceedings.

¶ 3. In her petition, Disciplinary Counsel stated that between February 2021 and April 2021, the Professional Responsibility Board received numerous reports about respondent from clients, other attorneys, and respondent's former staff members. They reported that respondent was not returning calls or responding to their repeated attempts to contact him. Disciplinary Counsel described in detail respondent's failure to respond to inquiries concerning five separate matters and gave testimony regarding the allegations. In one of the cases, respondent was responsible for paying the care expenses, including pharmacy bills, for a client pursuant to a power of attorney (referred to as "client #1"). He failed to do so promptly and failed to respond to inquiries about the unpaid bills. The other matters in which respondent failed to respond involve the return of escrowed client funds and original client property, and the filing of a life-estate deed for a terminally ill client.

¶ 4. While respondent believed he may have had some contacts with these clients on various dates, he acknowledged, through his testimony, delays in responding to clients and lengthy delays in providing funds on behalf of client #1. Respondent agreed that this conduct affected these individuals' interests. Respondent indicated that he is in the process of familiarizing himself with his trust accounting software but did not refute that, at the time of the petition, he was unable

to produce a report listing which clients he was holding funds for and the balances of those funds. Respondent expressed feeling overwhelmed and dissatisfied with the practice of law and welcomed the assistance of a trustee in attending to the needs of his clients.

¶ 5.    We find respondent's lack of responsiveness to his clients inconsistent with Rule 1.3 of the Vermont Rules of Professional Conduct, which requires an attorney to "act with reasonable diligence and promptness in representing a client." The evidence shows that respondent failed to timely respond to and attend to a number of important and time-sensitive client needs and inquiries. His lack of responsiveness poses a substantial threat of serious harm to his clients. His failure to timely respond, communicate, and pay client #1's expenses created a risk that this client's care and services would be interrupted and interfered with the timely submission of paperwork to determine client #1's Medicaid eligibility. Respondent's failure to complete the filing of the real estate deed may frustrate another client's end-of-life wishes. His failure to respond to the remaining clients may jeopardize their ability to finalize settlement agreements or move forward with settling the estates of their loved ones. An interim suspension is warranted to protect the interests of the public.

¶ 6.    Pursuant to A.O. 9, Rules 22 and 28, we appoint F. Rendol Barlow as trustee to "inventory the files of the respondent, and . . . take action as seems indicated to protect the interests of the respondent and respondent's clients." As reflected above, one of the issues that led to the filing of the petition is respondent's conduct while acting as an attorney-in-fact for client #1 pursuant to a power of attorney. We do not at this time appoint the trustee as the new attorney-in-fact for client #1 but instead direct the trustee to work collaboratively with respondent and client #1—to the extent that client #1 is competent to do so—in an effort to effectuate a voluntary transfer of respondent's responsibilities over client #1's funds to another individual, which may include the trustee, during this interim suspension. In the event this transfer does not occur within thirty days, we direct the trustee to report back to this Court concerning the status of client #1's various accounts.

Respondent's license to practice law is immediately suspended pending final disposition of a disciplinary or disability proceeding in accordance with A.O. 9, Rule 22(B). Respondent is directed to comply with the notice requirements of A.O. 9, Rule 27.

BY THE COURT:

Beth Robinson, Associate Justice

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice

2