NOTICE: This entry order is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

## ENTRY ORDER

### 2025 VT 23

### SUPREME COURT CASE NO. 25-AP-106

### APRIL TERM, 2025

| | | |
|---|---|---|
| In re Alison McCarthy | } | Original Jurisdiction |
| (Office of Disciplinary Counsel) | } | |
| | } | Professional Responsibility Board |
| | } | |
| | } | PRB NO. PRB-060-2025 |

In the above-entitled cause, the Clerk will enter:

¶ 1. Respondent Alison McCarthy is an attorney licensed to practice law in the State of Vermont. On April 9, 2025, Disciplinary Counsel filed a petition seeking the immediate interim suspension of respondent's license under Administrative Order 9, Rule 22(A) [hereinafter A.O. 9]. Respondent was given the opportunity to provide a written response to the petition, but she did not do so. The Court held a hearing on the petition on April 23, 2025, which Disciplinary Counsel attended. Respondent was notified of the hearing but did not appear. Having reviewed the materials submitted by Disciplinary Counsel, we conclude that the requirements of A.O. 9, Rule 22(A), are satisfied and we immediately suspend respondent's license to practice law on an interim basis in accordance with A.O. 9, Rule 22(B). Respondent is directed to comply with the notice requirements of A.O. 9, Rule 27.

¶ 2. Disciplinary Counsel's petition indicates the following. In October 2024, one of respondent's clients filed a complaint against her with the Professional Responsibility Program. The client alleged in part that respondent neglected to diligently pursue a legal claim on her behalf and misled her as to the status of her claim. Respondent was provided a copy of the complaint, and she was interviewed about the allegations on November 8, 2024, by Screening Counsel. On November 21, 2024, Screening Counsel informed respondent that the allegations of misconduct required further investigation by Disciplinary Counsel and requested that respondent provide Disciplinary Counsel with a written response to the complaint by December 11, 2024.

¶ 3. On December 19, 2024, Disciplinary Counsel emailed respondent, forwarding her another copy of Screening Counsel's letter, and asking about her overdue

written response to the client's complaint. He reiterated the request for a written response to the complaint. At respondent's request, Disciplinary Counsel extended the deadline to January 8, 2025, to allow respondent to contact her malpractice insurer and hire an attorney. On January 8, respondent informed Disciplinary Counsel that she had not yet spoken to her malpractice insurer. One week later, respondent told Disciplinary Counsel that she had communicated with an adjuster for her malpractice insurer who advised her to retain legal counsel to represent her in the disciplinary investigation. She told Disciplinary Counsel that she would be retaining an attorney the following day and would provide the attorney's contact information to Disciplinary Counsel.

¶ 4. Hearing nothing for several weeks, Disciplinary Counsel again contacted respondent. In an email, Disciplinary Counsel gave respondent until February 11, 2025, to provide a written response to the client's complaint, which represented a two-month extension on the original deadline. Disciplinary Counsel told respondent that no further extensions would be granted and that failure to comply would be construed as a willful refusal to cooperate with the investigation. Respondent acknowledged the filing deadline and said that she would have her counsel contact Disciplinary Counsel the following day. She did not do so, however, and on February 13, 2025, Disciplinary Counsel again warned respondent that her "refusal to cooperate with [his] investigation" was a violation of Vermont Rule of Professional Conduct 8.1(b) and provided a basis to seek the interim suspension of her law license. Disciplinary Counsel received no response and attempted to contact respondent again on February 25, 2025, without success. He left final voicemail and email messages for respondent on March 28, 2025, and received no response. Disciplinary Counsel then filed this petition.

¶ 5. As relevant here, an interim suspension order is appropriate where an attorney has "committed a violation of the rules of professional responsibility" and "presently poses a substantial threat of serious harm to the public." A.O. 9, Rule 22(A). "[T]he purpose of an interim suspension is to quickly protect the public from harm" and "[i]t is not the equivalent of a suspension imposed as a sanction following a determination of misconduct under A.O. 9, Rule 15(A)(2)." In re Carris, 2021 VT 32, ¶ 2, 214 Vt. 648, 254 A.3d 849 (mem.).

¶ 6. Disciplinary Counsel argues that an immediate interim suspension is warranted here because respondent violated Vermont Rule of Professional Conduct 8.1(b), and she "presently poses a substantial threat of serious harm to the public." A.O. 9, Rule 22(A). We agree. Vermont Rule of Professional Conduct 8.1(b) prohibits a lawyer, "in connection with a disciplinary matter," from "knowingly fail[ing] to respond to a lawful demand for information from . . . [a] disciplinary authority." The record here shows that respondent violated this rule. As set forth above, Disciplinary Counsel repeatedly requested a written response from respondent to a complaint filed against her and respondent failed to comply or cooperate with the disciplinary investigation. Her failure to cooperate "significantly impair[s] Disciplinary Counsel's ability to fulfill [his] obligation to protect the public and it warrants the immediate interim suspension of

2

respondent's license to practice law." In re Legus, 2020 VT 40, ¶ 5, 212 Vt. 653, 235 A.3d 517 (mem.); see also In re Tao, 2022 VT 7, ¶ 6, 216 Vt. 596, 273 A.3d 652 (mem.) (reaching similar conclusion where attorney failed to cooperate with Disciplinary Counsel).

Respondent's license to practice law is immediately suspended on an interim basis in accordance with A.O. 9, Rule 22(B). Respondent is directed to comply with the notice requirements of A.O. 9, Rule 27.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice